UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

NOVIA LEVY MBODJ,

    Plaintiff,

v.                                        Case No.:  8:24-cv-02875-NHA

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.
_____/

## ORDER

The parties move jointly to remand this case for further proceedings before the Social Security Administration. Doc. 21. The motion is GRANTED.

Plaintiff seeks reversal of the Commissioner's decision that she is not disabled. Compl. (Doc. 1). After a hearing, an Administrative Law Judge (ALJ) found that Plaintiff was not disabled because, notwithstanding her severe physical impairments, she could perform her past work, which the vocational expert had characterized as "sales representative merchandiser." R. 26. Plaintiff claims that the vocational expert misclassified Plaintiff's prior work, which included, not just selling merchandise, but lifting and stocking merchandise weighing up to 50 pounds. Pl. Brief (Doc. 17), p. 4. Plaintiff asserts that the ALJ erred in relying on the vocational expert's errant testimony. *Id.* pp. 3-6.

After consideration, Defendant determined that remanding the case for further administrative proceedings would be appropriate. Joint Mtn. to Remand (Doc. 21), p. 1. In the joint motion that followed, the parties asked the Court to:

> remand this case to the Appeals Council so that it may instruct the ALJ to conduct further administrative proceedings. Upon remand, the Appeals Council will direct the ALJ to re-evaluate the evidence consistent with Social Security rules and regulations, offer Plaintiff the opportunity for a hearing, take any further action necessary to complete the administrative record resolving the above issues, and issue a new decision.

*Id.* p. 2.

Pursuant to 42 U.S.C. § 405(g), the "court shall have [the] power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner . . . with or without remanding the cause for a rehearing." In a remand pursuant to 42 U.S.C. § 405(g), the appropriate procedure is for a court to enter a final judgment in the claimant's favor. *Shalala v. Schaefer*, 509 U.S. 292, 296–97 (1993); *Jackson v. Chater*, 99 F.3d 1086, 1095 (11th Cir. 1996).

Having considered the record and the parties' motion, it is hereby ORDERED that:

1. The motion to remand (Doc. 21) is GRANTED;

2. Upon remand, the Appeals Council shall direct the ALJ to re-evaluate the evidence consistent with Social Security rules and regulations,

offer Plaintiff the opportunity for a hearing, take any further action necessary to complete the administrative record resolving the above issues, and issue a new decision;

3. The relief requested in Plaintiff's brief in opposition to the Social Security Administration's decision (Doc. 17) is GRANTED **only** to the extent that the case is remanded for further proceedings consistent with the motion to remand;

4. The Clerk is directed to enter judgment for Plaintiff with instructions that the Commissioner's decision is REVERSED under sentence four of 42 U.S.C. § 405(g) and the case is REMANDED for further proceedings consistent with this Order; and

5. The Clerk is directed to close the case.

ORDERED on July 1, 2025.

*Natalie Hirt Adams*
NATALIE HIRT ADAMS
United States Magistrate Judge